UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| MANDY THAYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:26-cv-63 |
| v. | ) | |
| | ) | |
| AMAZON, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Motion for Appointment of Counsel [DE 6] filed by the plaintiff, Mandy Thayer, on July 16, 2026. For the following reasons, the motion is **DENIED**.

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when he is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Seventh Circuit has instructed that several factors should be weighed by the court when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it himself. *Pruitt*, 503 F.3d at 654.

In other words, the second portion of this inquiry is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury himself." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy,

communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. In conducting this inquiry, the court must determine "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

Here, Plaintiff provided the court with a sheet of attorneys which she contacted seeking counsel. [DE 6 at 2]. Plaintiff's filings are also timely, well-reasoned, and organized.

***Conclusion***

Accordingly, this court **DENIES** Plaintiff's Motion for Appointment of Counsel [DE 6].

ENTERED this 31st day of August, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge